UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24642-CIV-ALTONAGA/Simonton

**MARLENE HERNANDEZ**, and
others similarly situated,

    Plaintiff,
vs.

**MB FLORIDA LTD. LP** d/b/a
**GRAND BEACH HOTEL**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant MB Florida Ltd., LP d/b/a Grand Beach Hotel's ("Grand Beach[']s") Motion for Summary Judgment ("Motion") [ECF No. 32], filed on July 9, 2012. The Court has carefully considered the Motion, pertinent portions of the record, and applicable law.

### I. BACKGROUND

This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, that arises out of Plaintiff Marlene Hernandez's ("Hernandez[']s") employment at the Grand Beach Hotel ("Grand Beach"). (*See* Compl. ¶¶ 5-15 [ECF No. 1]). Defendant, MB Florida Ltd. LP, which does business as the Grand Beach Hotel, operates in the State of Florida. (*See* Compl. ¶ 3; Canzoneri Dep. 9:13-19, May 10, 2012 [ECF No. 30]). Hernandez worked in the housekeeping department at Grand Beach from February 26, 2011 to sometime between June 25, 2011 and August 1, 2011. (*See* Canzoneri Dep. 8:11-13, 9:8-11).

Grand Beach claims that Hernandez was paid $32,000 per year, and that this compensation was a *salary* because the amount Hernandez was paid each pay period did not depend on the number of hours worked. (*See* Mem. of Law in Supp. of Mot. 4 [ECF No. 32-1]). Hernandez testified that she was paid at rate of $15 per hour for 8.5 hours per day. (*See* Hernandez Dep. 32:17-18, May 10, 2012 [ECF No. 31]). Nevertheless, Hernandez also acknowledges that she was paid the same amount per paycheck no matter how many hours she worked. (*See id*. 29:12-13, 33:5-7).

Grand Beach also contends that, while Hernandez worked at Grand Beach, she was the assistant to the head of the housekeeping department, and her job duties consisted of managing the housekeeping department, supervising other employees, interviewing job candidates, disciplining other employees, and recommending the hiring and firing of others. (*See* Mem. of Law in Supp. of Mot. 4-6). In contrast, Hernandez claims she was not a manager or a boss, did not give orders, did not supervise others, did not make any decisions, did not interview candidates, and did not have the power to fire other employees. (*See* Hernandez Dep. 15:7-12, 16:16-21, 25:18-21, 42:6, 55: 3-13).

Hernandez filed the instant action on December 29, 2011, seeking compensation for overtime pay allegedly due to her under the FLSA. (*See* Compl. ¶¶ 5-15). Grand Beach now moves for summary judgment arguing that Hernandez is not covered under the FLSA because she was employed as a bona fide executive employee. (*See* Mot. ¶ 3).

## II. LEGAL STANDARD

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c).

"[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III. ANALYSIS

The FLSA requires employers to pay overtime to employees who work more than forty hours in a week. *See* 29 U.S.C. § 207(a)(1) (2006). The FLSA exempts from the overtime requirement employees who work in an executive, administrative, or professional capacity, as defined by the Secretary of the Department of Labor. *See* 29 U.S.C. § 213(a)(1) (2006). It is the employer's burden to show that an employee is exempt from the overtime requirements, *Abel v. S. Shuttle Services, Inc.*, 631 F.3d 1210, 1212 (11th Cir. 2011), and the overtime requirements must be construed narrowly against the employer. *Id.*

Grand Beach argues that Hernandez was an executive employee within the meaning of the FLSA exemptions. (*See* Mem. of Law in Supp. of Mot. 3-4).[1] The "executive" exemption applies to any employee:

---

[1] Grand Beach appears to conflate the tests that apply for executive, administrative, and professional employees. (*See* Mem. of Law in Supp. of Mot. 3-4). However, because Grand Beach's analysis is based on the standard that applies to determine if an employee qualifies as an executive

>(1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
>
>(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
>(3) Who customarily and regularly directs the work of two or more other employees; and
>
>(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a) (2011).

An employee is considered salaried "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a) (2011). According to Hernandez, she was paid at a rate of $15 per hour for 42.5 hours per week, or $637.50 per week. (*See* Hernandez Dep. 32:17-18). In somewhat contradictory fashion, Hernandez also acknowledges that she was paid the same amount per pay period no matter how many hours she worked. (*See id*. 29:12-13, 33:5-7). Tammy Canzoneri, Grand Beach's director of Human Resources, corroborated this latter point. (*See* Canzoneri Dep. 14:23-25, 15:2-4).

The Court does not resolve whether the foregoing establishes the first element required by the regulation, that is, the absence of a material fact in dispute regarding whether Hernandez was compensated on a salaried basis, because there is conflicting evidence as to the remaining elements. The parties dispute whether Hernandez's primary duties were management of the housekeeping department and whether she regularly supervised at least two other employees, the

---

employee under section 541.100(a), the Court will assume for purposes of this Motion that Grand Beach is arguing Hernandez is exempt as an executive.

second and third elements for an executive exemption.[2] Grand Beach argues that Hernandez managed the housekeeping department by directing the work of other employees, assigning work, training new employees, interviewing job applicants, and aiding in the selection of employees. (*See* Mem. of Law in Supp. of Mot. 4-6). In support of this position, Grand Beach points to Hernandez's deposition, in which she admits she was hired to give orders to other employees. (*See* Hernandez Dep. 16:16-19, 18:17-21). In addition, according to Hernandez's former supervisor, Nayra Quiles, Hernandez was part of the management team, trained employees, and had the power to direct subordinates. (*See* Quiles Aff. ¶ 5 [ECF No. 29]). According to Canzoneri, Hernandez gave out work assignments, managed work schedules, trained employees, supervised housekeeping staff, and interviewed prospective employees. (*See* Canzoneri Dep. 11:1-6, 30:14-23, 29:17-21, 36:22-23). Additionally, Grand Beach submits the affidavit of Betty Steel, the general manager of the Comfort Suites where Hernandez worked after she left her job at Grand Beach. (*See* Steel Aff. ¶ 2 [ECF No. 27]). Attached to Steel's affidavit is the resumé Hernandez submitted when applying for the position at Comfort Suites. (*See id*. at Exs.). According to the resumé, at Grand Beach Hernandez was responsible for various management duties. (*See id*.). The duties included organizing personnel, overseeing interviewing and hiring, developing and executing an inspection program, and assisting in

---

[2] Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employee; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102 (2011).

creating budgets. (*See id*.). Grand Beach further supports its argument with emails sent from Hernandez's work email address while she was employed at Grand Beach. (*See* Hernandez Dep. Ex. 7). The emails appear to have been written by Hernandez because they were sent from her work email address, and the bodies of the messages concern recommended disciplinary action against various employees and the management of employees' workloads. (*See id.*).

Hernandez offers a different description of her job duties at Grand Beach. She acknowledges that she was hired to supervise others, but she claims she did not supervise anyone once she started working at Grand Beach. (*See* Hernandez Dep. 15:7-12, 16:16-21, 25:18-21). Hernandez maintains that she was just like any other employee in the housekeeping department of Grand Beach and was not a manager or boss. (*See id*. 25:20-21, 29:2-3, 57:2, 61:10-11). She denies interviewing job applicants or training employees. (*See id*. 55:7-10). Furthermore, Hernandez claims she did not prepare the resumé or write the emails. (*See id.* 5:23, 6:10-11, 17:5-11).

Grand Beach also claims that Hernandez was involved in hiring and firing decisions, meeting the fourth requirement for the executive exemption. (*See* Mem. of Law in Supp. of Mot. 4-5). Canzoneri testified that Hernandez interviewed candidates and made recommendations that certain employees should be fired. (*See* Canzoneri Dep. 30:14-23, 31:13-15). Quiles similarly supports Grand Beach's position, affirming that Hernandez interviewed prospective employees and made recommendations about hiring and firing employees. (*See* Quiles Aff. ¶ 5). Hernandez, however, testified that she did not have the power to fire employees, did not influence who was hired or fired, and did not interview prospective employees. (*See* Hernandez Dep. 6:4-5, 16:23-24, 17:2-4, 55:7-8).

6

By her deposition testimony, Hernandez has directly disputed all of the evidence Grand Beach uses in support of its argument that Hernandez managed the housekeeping department, supervised other employees, and recommended the hiring and firing of others. "It is a hornbook principle that it is not proper for a district court to assess witness credibility when considering a motion for summary judgment as such determinations are reserved for the jury." *Allen-Sherrod v. Henry County Sch. Dist.*, 248 F. App'x 145, 147 (11th Cir. 2007) (citations omitted); *see also Fontanez v. Lamberti*, No. 10-61428-CIV, 2011 WL 4499016, at *2 n.3 (S.D. Fla. Sept. 27, 2011) ("Plaintiffs dispute Detective Roque's version, calling it 'incredible.' . . . Credibility determinations are not proper on summary judgment.") (citing *Allen-Sherrod*, 248 F. App'x at 146). The Court cannot help but wonder why, having the benefit of Hernandez's testimony, Defendant would nonetheless file the present Motion representing that the material facts are undisputed.

Grand Beach attempts to address the Court's concern in its Reply [ECF No. 43], asserting that self-serving statements made by a party do not create a genuine factual dispute (*see id.* 5-6). Grand Beach relies on *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001), where the Seventh Circuit concluded that a district court properly granted summary judgment in favor of a defendant because the plaintiff's affidavit rebutting the defendant's evidence was not based on his personal knowledge of the pertinent facts. Similarly, in *Rogers v. City of Chicago*, 320 F.3d 748, 751 (7th Cir. 2003), the court held that the district court's exclusion of the plaintiff's affidavit was proper because it was contradicted by her deposition testimony, contained inadmissible hearsay, and was based upon unauthenticated documents. These cases are inapposite. Hernandez's deposition testimony is based on her own personal knowledge of her job duties while she was employed at Grand Beach. The present case turns on the veracity of

7

witnesses' testimony, not on the basis of knowledge for, or admissibility of, statements made in affidavits as in *Albiero* and *Rogers*.[3] Additionally, whether Hernandez's testimony is self-serving is irrelevant in assessing whether material disputed facts are shown by the record. *See Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1035-36 (9th Cir. 2005) (finding a district court improperly discounted a party's evidence as consisting of nothing more than self-serving statements when considering a summary judgment motion).[4] That is an argument best addressed to a jury.

The Eleventh Circuit recently considered a case similar to this one and held summary judgment was improper. In *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672 (11th Cir. 2009), the court considered whether a district court properly granted summary judgment in favor of an employer on the issue of whether the plaintiff was exempt from FLSA overtime requirements as an "executive" employee. *Id*. at 673. The court reversed the grant of summary judgment because the plaintiff testified at deposition that he did not supervise two or more employees, his hiring and firing recommendations were not always heeded, and he did not interview candidates or make decisions regarding advancement of other employees. *See id*. at 677. The plaintiff's deposition testimony created genuine issues of material fact concerning his job duties. *See id.* Like the plaintiff in *Barreto*, Hernandez presents disputed material facts concerning her job duties, of which she has intimate personal knowledge.

---

[3] *Cf.* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

[4] Grand Beach also cites *Penalty Kick Mgmt. Ltd. v. Coca-Cola Co.*, 164 F. Supp. 2d 1376, 1378 (N.D. Ga. 2001), where the court noted "[t]he unsupported, self-serving statements of the party opposing summary judgment are insufficient to avoid summary judgment." The court in *Penalty Kick* relied on detailed findings made in an earlier order, *see id.*, and which are not repeated in the reported decision. Without further elaboration of the background for this statement or the factual record in the case, the quoted text fails to persuade.

CASE NO. 11-24642-CIV-ALTONAGA

## IV. CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** that Grand Beach's Motion [ECF No. 32] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of September, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record